IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 08-CR-201-TCK |
| ) | |
| ANDRE RALPH HAYMOND, ) | |
| ) | |
| Defendant. ) | |

### OPINION AND ORDER

This matter is before the Court on Defendant Andre Ralph Haymond's ("Haymond") Motion to Compel [Dkt. No. 28]. In connection with Defendant's motion, a hearing was held on August 24, 2009. For the reasons set forth below, the Motion to Compel is **DENIED IN PART WITHOUT PREJUDICE and GRANTED IN PART**.

Defendant's motion concerns access to information on his computer which was seized by the Government pursuant to a search warrant in January 2008. Defendant has been charged with possession of child pornography. Defendant seeks access to the his computer hard drive for examination and inspection, including examination by his expert, David Penrod ("Penrod")

*Applicable Legal Principles*

Rule 16 of the Federal Rules of Criminal Procedure provides:

1

> **Documents and Objects.** Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:
>
> **(i)** the item is material to preparing the defense;
>
> **(ii)** the government intends to use the item in its case-in-chief at trial; or
>
> **(iii)** the item was obtained from or belongs to the defendant.

F.R.Cr.P. 16(E).

This discovery provision was modified with implementation of the Adam Walsh Act in July 2006. One provision of the Act restricts a defendant's access to discovery materials that constitute child pornography:

> (1) In any criminal proceeding, any property or material that constitutes child pornography (as defined by section 2256 of this title) shall remain in the care, custody, and control of either the Government or the court.
>
> (2)(A) Notwithstanding Rule 16 of the Federal Rules of Criminal Procedure, a court shall deny, in any criminal proceeding, any request by the defendant to copy, photograph, duplicate, or otherwise reproduce any property or material that constitutes child pornography (as defined by section 2256 of this title), so long as the Government makes the property or material reasonably available to the defendant.
>
> (B) For the purposes of subparagraph (A), property or material shall be deemed to be reasonably available to the defendant if the Government provides ample opportunity for inspection, viewing, and examination at a Government facility of the property or material by the defendant, his or her attorney, and any individual the defendant may seek to qualify to furnish expert testimony at trial.

18 U.S.C.§ 3509(m).

Pursuant to this statute, a court shall deny a defendant's requests to copy or otherwise reproduce child pornography as long as the material is made "reasonably available" to the defendant. "Reasonably available" means that the government has

2

provided an "ample opportunity" for inspection at a Government facility. In *U.S. v. Flinn*, 521 F.Supp.2d 1097, 1101 (E.D.Cal. 2007), the court discussed what this "ample opportunity" includes.

> An ample opportunity to forensically examine seized computer items means an examination whereby the government can supply reasonably up-to-date tools (hardware and software) and facilities such that a defendant can construct a reasonable, available forensic defense, if one is available at all, and whereby the analysis will not be impeached because it was not supported by the proper hardware or software. An ample opportunity will permit a defense expert to utilize his or her hardware or software. An ample opportunity also requires that the analysis be performed in a situation where attorney-client privilege and work product will not be easily, accidentally exposed to the government, and in a facility which is open to the defense at its request during normal working hours, and to the extent feasible, during non-working hours.

*Id.*

### *Discussion*

Generally, cases involving access to materials under § 3509(m) concern the conditions of physical access to the government's evidence: whether an expert may examine the hard drive at his own facility instead of the Government facility, whether the defense team will be afforded sufficient privacy during its examination to preserve attorney-client and work product privileges, whether an expert can use his own hardware and software tools during the examination. *E.g.*, *U.S. v. Knellinger*, 471 F.Supp.2d 640 (E.D.Va. 2007); *U.S. v. O'Rourke*, 470 F.Supp.2d 1049 (D.Ariz. 2007); *Flinn*, *supra*.

In this case, physical access to the hard drive from the Defendant's computer is not the issue. The Government has made a mirror-image of the hard drive, and since Defendant's expert lives in the Denver area, the Government has made the mirrored hard

3

drive available at the Regional Computer Forensic Laboratory ("RCFL") in Denver, Colo.  Thus, there is no dispute as to Defendant's physical access to the hard drive; rather, the issue is Defendant's ability to retrieve data from the hard drive using various forensic tools.  Defendant's expert witness, Penrod, has attempted unsuccessfully to find images and data that the Government says is on the hard drive.  Defendant wants the Government to provide additional information, including sector and cluster information to assist the defense in locating the information.  Government refuses to do so.

Penrod stated at the Aug. 24 hearing that when he tried to verify that certain image files were on the hard drive at RCFL, he could not find them.  He said he has never had this happen before and does not know the source of the problem.

The Court asked the Government if it has been verified that the image files the Government claims are on Defendant's hard drive are on the mirrored had drive.  The Government assured the Court that this has been verified.  The Court also asked Penrod whether there might be a problem with his software.  He stated that he does not know why his effort to retrieve the files has been unsuccessful.  The difficulty facing the Court at this juncture is that neither side knows *why* Penrod is unable to retrieve the information he is seeking from the computer hard drive.  It is unknown whether there is a problem with Penrod's EnCase software, the computer, the Government's FTK software, or any number of other possible explanations.  Thus, it is unknown whether Penrod's problem is his fault, the Government's fault or no one's fault.

The Walsh Act and cases interpreting it state that the requested material must be made "reasonably available" to the Defendant.  Obviously, if Defendant cannot access the mirrored hard drive to verify that certain files are there, a question arises whether the

4

files have been made reasonably available. The key test is whether the Defendant has been given "due-process-level" access to the hard drive. *O'Rourke*, 470 F.Supp.2d at 1056. In *O'Rourke* the court noted that an "ample opportunity" for inspection of the computer hard drive is "akin to the due process requirement that a criminal defendant be afforded 'fair opportunity to defend against the State's accusations' and be free from 'arbitrary or disproportionate' restrictions on his right to confront witnesses and present evidence." *Id.* Nevertheless, the Court is unwilling to order the Government to produce file data based on the record before it. The Court is wary of ordering the Government to produce additional information or assist the defense in its examination until a more concerted effort is made to access the image files on the hard drive. Therefore, Penrod shall immediately coordinate with RCFL for another visit to the Government facility and a renewed effort to examine the hard drive. The Government represents that they have software "keys" that may provide Penrod with access to the hard drive where his software failed. Penrod should use the assistance of the personnel at RCFL to retrieve the file information he seeks. Should this effort fail, Defendant may renew his motion to compel and the Court will consider ordering the production of sector and cluster information at that time. Defendant is to advise the Court by September 8, 2009, if he is re-urging his motion to compel in this regard. Therefore, Defendant's motion is DENIED WITHOUT PREJUDICE.

Defendant's motion also asked that the Defendant as well as his expert be allowed to examine the hard drive. At the hearing, the Government conceded that Defendant has such a right under section 3509(m). The motion is therefore GRANTED in this regard.

DATED this 28th day of August 2009.

_____
Paul J. Cleary
United States Magistrate Judge